IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Julien Garcon, # 72742-004, ) | |
| ) | |
| ) | Civil Action No. 6:15-1480-RMG-KFM |
| Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Warden Cruz, Warden sued in their ) | |
| official capacities, ) | |
| Secretary of Department of Homeland ) | |
| Security, sued in their official ) | |
| capacities; ) | |
| Unit Manager David C. Palmatier, ) | |
| ICE/ERO sued in their official ) | |
| capacities; ) | |
| Director Ricardo Wong, ICE/ERO ) | |
| Chicago Field Office sued in their ) | |
| official capacities; ) | |
| Federal Bureau of Prisons, sued in their ) | |
| official capacities; ) | |
| Warden Meeks, sued in their official ) | |
| capacities; ) | |
| United States of America, sued in their ) | |
| official capacities, ) | |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |

This is a civil action filed by a federal prisoner. The pleadings submitted by the plaintiff indicate that he wanted to "convert" his pending Section 2241 habeas corpus action, *Garcon v. Cruz*, Civil Action No. 6:14-4332-RMG-KFM, into a civil rights action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971). One cannot convert a habeas action into a civil rights action. The filing fees are different. Moreover, in a civil rights action against federal employees and officials, service of process must be made in accordance with Federal Rule of Civil Procedure 4(i). Hence, a separate civil action number was assigned to the above-captioned matter.

In an order (doc. 7) filed in this case on April 8, 2015, the undersigned directed the plaintiff to bring this case in to "proper form" by submitting a motion for leave to proceed *in forma pauperis*, a Financial Certificate, summonses, and Forms USM-285. Also, on April 8, 2015, the undersigned issued a Report and Recommendation (doc. 8) that the plaintiff's motion for a temporary restraining order/preliminary injunction (doc. 2) be denied. In the Report and Recommendation, the undersigned noted that the plaintiff was relying on a class certification order issued by the United States District Court for the Northern District of Illinois in *Moreno v. Napolitano*, Case No. 11 C 5452, 2014 WL 4911938 (N.D. Ill. Sept. 30, 2014), a case still pending before United States District Court for the Northern District of Illinois.

On April 27, 2015, the plaintiff filed a motion to hold this case in abeyance or to dismiss *without prejudice* (doc. 11). In his motion, the plaintiff states that he was under the impression that *Moreno v. Napolitano* had been resolved (doc. 11 at 1). The plaintiff requests that the above-captioned case be held in abeyance or be dismissed *without prejudice* until *Moreno v. Napolitano* is resolved.

No filing fee has yet been assessed in this case because this case is not "in proper form." Therefore, the plaintiff is not out any money from his inmate trust account. Accordingly, it is recommended that the court grant, in part, the plaintiff's motion (doc. 11) and dismiss this case *without prejudice*. The plaintiff's attention is directed to the Notice on the next page.

April 28, 2015                                               s/ Kevin F. McDonald
Greenville, South Carolina                          United States Magistrate Judge

2

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court**
**United States District Court**
**300 East Washington Street — Room 239**
**Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).